IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR302** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOZABET CASTRO-GARZON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 178), and the Defendant's motion for downward departure and supporting brief (Filing No. 177). The government has adopted the PSR. (Filing No. 168.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the drug quantity in ¶ 25, which results in a base offense level of 38. The objection is based on *Blakely v. Washington,* 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey,* 120 S. Ct. 2348 (2000). The most recent Supreme Court case with respect to the issues relevant to the objection is *United States v. Booker,* 125 S. Ct. 738 (2005). The Court has carefully considered these cases and concludes that, absent authority from the Supreme Court or Eighth Circuit Court of Appeals specifically instructing otherwise, the determination of drug quantity is to be made by the Court at sentencing by use of the preponderance of the evidence standard. The Court notes that the defense has not suggested an alternative drug quantity. The Court will hear the objection at sentencing.

The government bears the burden by a preponderance of the evidence.  If the parties need more than 30 minutes for the sentencing hearing, they must immediately advise Edward Champion, tel. 661-7377 and reschedule the hearing.  The government may generally refer to trial testimony, as a transcript has not been prepared.

*Downward Departure*

The Defendant complains that the government refuses to allow him to proffer pursuant to the policy of the United States Attorney because the Defendant exercises his right to a trial.  For this reason, the Defendant requests a downward departure.  The Court was not provided with any precedential authority authorizing such a departure, and the Court is aware of no such authority.  The motion is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 178) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	The Defendant's motion for downward departure (Filing No. 177) is denied;

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of October, 2005.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge