IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR302** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JOZABET CASTRO-GARZON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion for new trial (Filing No. 234) and supporting brief (Filing No. 235).

The Defendant argues that he is entitled to a new trial pursuant to Federal Rule of Criminal Procedure 33 because he is now aware of newly discovered evidence. He asserts that materials were not provided under the Jencks Act, 18 U.S.C. § 3500. Specifically, the defense seeks reports or video tapes regarding interviews by law enforcement of a trial witness, Daniel Blumel, with respect to quantities of drugs distributed.

In order to receive a new trial, Castro-Garzon must show: 1) the newly discovered evidence was not discovered until after trial; 2) due diligence would not have revealed the evidence; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) the evidence is likely to lead to an acquittal. *United States v. Gianakos,* 415 F.3d 912, 926-27 (8th Cir. 2005).

Castro-Garzon has not pointed to any specific documents or video tapes that were not provided. Rather, he assumes that additional reports or video tapes exist regarding drug quantity based on Blumel's sentence reduction pursuant to Federal Rule of Criminal Procedure 35. *United States v. Blumel,* 8:04CR247, Filing No. 36 (Amended Judgment sentencing Blumel to time served and three years supervised release). Because there is

no specific piece of evidence in question, the Court cannot apply the relevant test to determine whether a new trial should be granted based on newly discovered evidence.

IT IS ORDERED that the Defendant's motion for new trial (Filing No. 234) is denied.

DATED this 14th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge