# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR302** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **JOZABET CASTRO-GARZON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion for leave to file a successive motion under 28 U.S.C. § 2255 (Filing No. 262).

The record appears somewhat confusing due to the number and characterization of the Defendant's filings. However, the Eighth Circuit previously determined that the Defendant had not filed a § 2255 motion challenging his conviction. (Filing No. 258.)

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Judgment was filed in 2005, and the Defendant filed a direct appeal. The Eighth Circuit affirmed this Court's judgment. On July 26, 2006, the Eighth Circuit denied the Defendant's petition for rehearing en banc and petition for rehearing by the panel. The Defendant did not file a petition for a writ of certiorari; his deadline for doing so was October 24, 2006. S. Ct. R. 13 & 29.2. Because a petition for certiorari was not filed, the

Defendant's conviction became final on October 24, 2006.  Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final."  Therefore, the one-year period in this case ran on October 24, 2007.  Therefore, the Defendant's § 2255 motion is untimely.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 262);

2. Upon initial review, the Defendant's § 2255 motion is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of August, 2011.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

2